UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DEXTER LUCK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:23-cv-293 |
| | ) |
| INDIANA UNIVERSITY HEALTH | ) |
| BLOOMINGTON, INC., d/b/a Indiana | ) |
| University Health Bloomington Hospital, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff Dexter "Trae" Luck ("Luck"), by counsel, alleges as follows for his Complaint against Defendant Indiana University Health Bloomington, Inc. dba Indiana University Health Bloomington Hospital ("IU Health") for violating his rights as protected by Title VII of the Civil Rights Act of 1964 ("Title VII").

**PARTIES**

2. Luck is a citizen of the State of Indiana residing in Bloomington, Monroe County, Indiana.

3. IU Health is a nonprofit corporation organized under the laws of the State of Indiana with its principal place of business in Bloomington, Monroe County, Indiana.

**JURISDICTION AND VENUE**

4. Subject matter jurisdiction is conferred on the Court by 28 U.S.C. § 1331 and 42 U.S.C. § 1988.

5. IU Health is subject to personal jurisdiction of the Court because it is incorporated in and

carries out its business within the State of Indiana.

6. IU Health is an employer as defined by 42 U.S. Code § 2000e(b) subject to Title VII.

7. Luck was an employee of Defendant as defined by 42 U.S. Code § 2000e(f).

8. Luck satisfied his obligation to exhaust his administrative remedies with respect to his claims for relief, having timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") concerning the matters alleged herein. The EEOC issued a right-to-sue notice and Luck now timely files his lawsuit.

9. Venue is proper in this Court and the Indianapolis Division thereof as Defendant is located in Monroe County, Indiana, and the operative events occurred in Monroe County, Indiana.

## FACTUAL ALLEGATIONS

10. Luck is a white male. Luck has been subjected to a hostile work environment based on race or color and has been subject to retaliation as set forth below.

11. Luck was hired as a police officer by IU Health in or about 2019 on a part-time basis. On or about April 4, 2020, Luck moved to full-time status.

12. At all times alleged herein, Robert Shawn Smith ("Smith") was IU Health Chief of Police and he headed the department which employed Luck.

13. Smith is black. Throughout Luck's employment, Smith has exhibited general hostility and belligerence towards white employees in his department, including Luck, and exhibited favoritism towards black employees, creating a hostile work environment for Luck and others.

14. Smith has made statements evidencing that he considers such differential and hostile

treatment to be proper, including statements that "your ancestors owe it to us" and that he supported violent protests and considered them to be justified.

15. On or about December 4, 2021, Smith physically assaulted Luck in the presence of multiple witnesses, including Sgt. John Shields, Officer Benjamin King, and Dispatcher Terry Jackson. The hospital was in the process of physically moving, and while in the police office, Luck raised an issue with lack of communication about where officers were supposed to report to work. Without warning, Smith began yelling "Get the fuck out" and physically attacked Luck. Smith rammed his body into Luck before repeatedly shoving and grabbing Luck to physically get him out of the office.

16. Luck is informed and believes that Smith's attack was motivated by Luck's race and/or color. The attack was consistent with Smith's general hostility and belligerence towards white employees, and Luck is unaware of Smith ever physically attacking a black employee.

17. Luck immediately reported the assault by Smith to HR Director Bruce Wade ("Wade") and also reported Smith's general hostility towards white employees. Wade informed Luck that an investigation would be carried out.

18. Luck also reported the incident to the State Police who opened an investigation.

19. A few days after the assault and report to HR, Luck was at work and was engaged in a mandatory training activity that had to be completed by January 14, 2022. Smith came to Luck in a bullying and hostile manner, interrupted the training activity, and required Luck to engage in unproductive work – "go walk around" – rather than complete his training. Luck is informed and believes that Smith was retaliating against him for reporting the

assault and/or hostile environment. Smith generally exhibited a heightened level of hostility towards Luck after the HR report.

20. Approximately 15 days after the assault and report to HR, Luck sent an email to Wade because he had not been informed of the outcome of an investigation and it appeared no investigation was underway. Witnesses to the assault said they had not been interviewed.

21. On December 20, 2021, Wade called Luck on his personal phone. During that call, Wade asserted that Luck was being "disruptive" by discussing the assault and "caution[ed]" Luck against discussing the event with others. Throughout the conversation, Wade repeatedly said that he was "caution[ing]" Luck, which Luck interpreted as a threat of adverse action. Luck told Wade that he was frustrated by the lack of a proper investigation and that witnesses had not been interviewed. Wade responded that Luck's complaint was "unfounded". Luck is informed and believes that the State Police subsequently contacted Wade and warned him that he was interfering in a police investigation by advising Luck to not talk about the assault.

22. As part of the State Police investigation, Luck took a polygraph examination regarding his allegations about Smith, which Luck passed. Smith refused to submit to a polygraph when requested by the State Police.

23. Luck is informed and believes that in a Sergeant's meeting in early March 2022, Smith addressed the allegations against him by categorically denying them, stating that they were false, and that while doing so he looked directly at witness John Shields in an attempt to intimidate him. IU Health is informed and believes that Smith faced no consequences for speaking about the same matters on which Luck was told to stay silent.

24. On or about March 15, 2022, Luck was informed that his schedule was being changed to a "flex" schedule of 2 12-hour days on followed by 2 days off, which IU Health knew Luck could not work due to childcare obligations, and Luck was forced to resign as a result.

25. Luck is informed and believes that the schedule change was made in retaliation for reporting the hostile work environment and assault by Smith, and that he was constructively discharged from IU Health's employment.

26. Luck's work performance met or exceeded IU Health's legitimate expectations at all relevant times.

27. IU Health did not correct Smith's conduct while Luck was employed.  Smith continued to exhibit hostility towards Luck after Luck complained of racial discrimination to HR. Luck is informed and believes IU Health terminated Smith after Luck left his employment, but Luck is unaware of the reason for termination.

28. The recitation of events in this complaint is not exhaustive. Luck was subjected to regular hostility and discrimination based on race or color such that it would be impossible to list instance.

## COUNT I

### Discrimination – Title VII

29. Luck hereby realleges and incorporates paragraphs 1-28 of his Complaint as if fully set forth herein.

30. IU Health has discriminated against Luck in terms and conditions of employment based on race and/or color because it has created and tolerated harassment and a hostile working

environment based on race and/or color, it has accorded more favorable treatment to similarly-situated employees outside of Luck's protected classes.

31. IU Health's actions have violated Luck's rights as protected by Title VII of the Civil Rights Act of 1964.

32. IU Health's unlawful actions were intentional, willful, and done in reckless disregard of Luck's rights.

33. Luck has been damaged as a result of IU Health's conduct.

34. Wherefore Luck requests relief as set forth below.

## COUNT II

### Retaliation – Title VII

35. Luck hereby realleges and incorporates paragraphs 1-34 of his Complaint as if fully set forth herein.

36. Luck engaged in statutorily protected conduct by making a complaint of discrimination as alleged herein.

37. IU Health retaliated against Luck by subjecting him to harassment and a hostile working environment and taking adverse employment action because Luck engaged in statutorily protected conduct.

38. IU Health's actions have violated Luck's rights as protected by Title VII of the Civil Rights Act of 1964.

39. IU Health's unlawful actions were intentional, willful, and done in reckless disregard of Luck's rights.

40. Luck has been damaged as a result of IU Health's conduct.

41. Wherefore Luck requests relief as set forth below.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Dexter Luck, by counsel, respectfully requests that the Court find for him and order that:

1. Defendant reinstate Luck to the same position, salary, and seniority, or award front pay and benefits to him in lieu of reinstatement;

2. Defendant pay lost wages and benefits to Luck;

3. Defendant pay compensatory and punitive damages to Luck;

4. Defendant pay pre- and post-judgment interest to Luck;

5. Defendant pay Luck's attorneys' fees and costs incurred in litigating the action; and

6. Defendant pay to Luck any and all other legal and/or equitable damages and provide such other non-monetary relief that the Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
John R. Hurley, Attorney No. 34437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:   (317)955-9500
Facsimile:   (317)955-2570
Email:       jhaskin@jhaskinlaw.com
Email:       jhurley@jhaskinlaw.com
Counsel for Plaintiff Dexter Luck

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
John R. Hurley, Attorney No. 34437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
Email:	jhurley@jhaskinlaw.com
Counsel for Plaintiff Dexter Luck